**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Myles Stanley Jackson, | Case No. 2:24-cv-00941-RFB-MDC |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 10) AND DENYING MOTION FOR SANCTIONS (ECF NO. 18)** |
| Unnamed Present and Former Members of the District Attorney's Office for Clark County, Nevada Family Support Division, et al., | |
| Defendants. | |

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 10) and the plaintiff's *Motion for Sanctions* (ECF No. 18). The Court GRANTS the Motion to Stay Discovery and DENIES the Motion for Sanctions.

**I. MOTION TO STAY DISCOVERY**

The Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.* Here, the defendants have filed a motion to dismiss, in which they argue that qualified immunity protects them from this lawsuit. ECF No. 7. The pro se plaintiff did not file a response to the Motion. Ordinarily, pursuant to LR 7-2(d), the failure of an opposing party to file a response to a motion constitutes a consent. However, given the plaintiff's pro se status, the Court reviews the Motion on the merits, but cautions the plaintiff that failure to file a response in the future may constitute automatic consent.

Reviewing the Motion in the light most favorably to the plaintiff given his pro se status, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery, as no discovery is needed to determine the legal question of whether the statute of limitations has run, whether defendants are immune from suit, or whether the plaintiff's claims are barred by statute. The defendants, on the other hand, would be prejudiced if discovery commenced now because it would effectively deny them of their arguments about immunity and the controlling statutes. The Court finds that the motion to dismiss can be decided without any discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss.

## II. MOTION FOR SANCTIONS

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As defined in *Rule 12(f)*, motions to strike are directed to "pleadings" only. Under Rule 7(a) of the Federal Rules of Civil Procedure, pleadings include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim;

(5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." A motion to strike technically is not available to strike material contained in motions and other briefs. *See, e.g., Albertson v. Fremont Cnty., Idaho,* 834 F. Supp. 2d 1117, 1123 n.3 (D. Idaho 2011); *U.S. v. Crisp,* 190 F.R.D. 546, 550-51 (E.D. Cal. 1999). Per Local Rule IC 2-2(b), "[f]or each type of relief requested or purpose of the document, a separate document must be filed…Example [ ]…(ii) separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document." Local Rule LR 15-1 states that [u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."

Plaintiff's Motion for Sanction asks this Court to strike the defendants' motion to dismiss because it is scandalous. Given that plaintiff is moving to strike a motion rather than material from the pleadings, the Court finds that a Motion for Sanctions is not procedurally proper in this context. Even if the Motion for Sanctions were proper, given the centrality of the issues raised in the motion to dismiss (such as immunity) the Court declines to strike the pending motion to dismiss. The Court also notes that the pro se plaintiff appears to ask for additional relief in the Motion for Sanctions, such as a single line asking to amend. Per LR IC 2-2(b), the plaintiff should file separate motions for each type of relief he seeks. Even if the Court were to consider these requests on the merits, there is not enough information in the instant Motion for Sanctions to warrant granting the requests. For example, plaintiff offers no reasons for wanting to amend and he did not attach a copy of a proposed amended complaint. While plaintiff is pro se, he is expected to learn and follow the rules of this Court. Thus, the Court denies all other relief the plaintiff seeks in his Motion for Sanctions as an improper omnibus motion.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 10) is GRANTED.  Discovery in this matter shall be stayed pending resolution of defendants' motion to dismiss (ECF No. 36).

2.  If the Court denies' defendants' motion to dismiss (ECF No. 7), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file either (1) a stipulation to enter a scheduling order for inmates in compliance with Local Rule 16-1(b) or (2) a joint motion to enter a scheduling order that details the parties' disagreements.

3.  Plaintiff's *Motion for Sanctions* (ECF No. 18) is DENIED in its entirety.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

Dated:  October 8, 2024

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge