# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MYLES STANLEY JACKSON | Case No. 2:24-cv-00941-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| UNNAMED PRESENT AND FORMER MEMBERS OF THE DISTRICT ATTORNEY'S OFFICE FOR CLARK COUNTY, NEVADA FAMILY SUPPORT DIVISION | |
| Defendants. | |

Before the Court is a Motion to Dismiss, (ECF No. 7), filed by Defendant, Unnamed Present and Former Members of the District Attorney's Office for Clark County, Nevada Family Support Division. For the reasons stated, Defendant's Motion to Dismiss is granted.

## I. PROCEDURAL HISTORY

On May 20, 2024, Plaintiff Myles Stanley Jackson ("Plaintiff") commenced this case by filing the Complaint. ECF No. 1. On June 12, 2024, Defendant, Unnamed Present and Former Members of the District Attorney's Office for Clark County, Nevada Family Support Division ("Defendant") filed a motion to dismiss. ECF No. 7. The motion was fully briefed by June 27, 2024. ECF Nos. 13, 14, 15.

On June 13, 2024, Defendants filed a motion to stay discovery. ECF No. 10. On July 9, 2024, Plaintiff filed a motion for sanctions. ECF No. 18. On July 18, 2024, Defendants filed a motion to strike. ECF No. 19. On August 1, 2024, Plaintiff filed an Amended Complaint. ECF No. 21. On October 8, 2024, Magistrate Judge Couviller granted Defendants' motion to stay discovery, ECF No. 10, and denied Plaintiff's motion for sanctions, ECF No. 18. ECF No. 25. On February 5, 2025, this Court held a motion hearing. ECF No. 27. Plaintiff did not attend. The Court's Order follows.

## II. FACTUAL ALLEGATIONS

On December 30, 1989, a child was born to LaSanya Rucker at Huntington Memorial Hospital in Pasadena, Los Angeles County, CA. The child's birth certificate states that Mr. Charles Eugene Mackey is the father of the child. In January 2002, a paternity suit against Plaintiff was filed by LaSanya Rucker. On March 12, 2002, Plaintiff was arrested on charges unrelated to this action. Plaintiff was convicted and remained in jail serving his sentence until May 10, 2007. On March 20, 2002, Plaintiff received service at his Las Vegas address. Plaintiff was not personally served as he was incarcerated at the time service was completed. Plaintiff never took a DNA test to determine paternity. In January 2024, Plaintiff learned that his paternity was determined by default. Plaintiff paid involuntary, compulsory child support for the child to the State of Nevada, by payroll deduction, from 2002 – 2020.

Plaintiff alleges a host of harms based upon not receiving proper notice of the paternity action against him.

### III.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences

from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**IV.    DISCUSSION**

Plaintiff's Amended Complaint contains six causes of action including Thirteenth and Fourteenth Amendment claims under the United States Constitution as well as claims under the Nevada State Constitution. Additionally, Plaintiff brings a negligence and gross negligence claim under Nevada law.

Defendants move to dismiss the Amended Complaint. Defendant's motion makes two primary arguments. First, Defendants contend that district attorney defendants enjoy absolute prosecutorial immunity from damages alleged to have arisen from their quasi-judicial activity. Second, Defendants assert that, pursuant to the statute of limitations periods outlined in NRS 11.190, Plaintiff's claims are no longer legally actionable.

Plaintiff counters that Defendants are not entitled to immunity because the policies and customs in place within the District Attorney's Office violated Plaintiff's constitutional rights. Plaintiff also argues that the claims raised in the Amended Complaint are not barred by the statute of limitations because Plaintiff was unaware of the alleged constitutional violations until 2023. Thus, Plaintiff contends that his claims are subject to the "Discovery Rule."

The Court grants Defendants' Motion to Dismiss.

**A.  Prosecutorial Immunity**

The Nevada Supreme Court has adopted prosecutorial immunity as expressed by the U.S. Supreme Court in County of Washoe ex rel. Office of Dist. Attorney, Nonsupport Div. v. Second Judicial Dist. Court, 652 P.2d 1175 (Nev. 1982). The rationale for the adoption of prosecutorial immunity, as expressed by the Supreme Court, is that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler v. Pachtman, 424 U.S. 409, 423 (1976). The Nevada State Legislature has codified common law immunity in NRS § 41.032, which provides in pertinent part: "[n]o action may be brought under NRS § 41.031 or against an officer or employee of the state or any of its

1 agencies or political subdivisions which is . . . based upon the exercise or performance or the failure
2 to exercise or perform a discretionary function or duty on the part of the state or nay of its agencies
3 or political subdivisions or of any officer or employee of any of these, whether or not the discretion
4 involved is abused." Nev. Rev. Stat. Ann. § 41.032(2).

In this case, Defendants were engaging in protected prosecutorial activity when they established paternity by default. Prosecutors are absolutely immune from liability under § 1983 for their conduct so long as it is "intimately associated" with the judicial phase of their work. Burns v. Reed, 500 U.S. 478, 486 (1991) (extending prosecutorial immunity to administrative proceedings); Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984). In the Amended Complaint, Plaintiff's causes of action arise from Defendants' prosecution of the 2002 paternity action which resulted in the establishment of paternity by default. Plaintiff alleges throughout the Amended Complaint that Defendants acted under color of the law and does not assert that Defendants acted outside the scope of their prosecutorial duties.

The Court finds that Defendants are entitled to prosecutorial immunity. First, there is no dispute that Defendants were acting within their prosecutorial duties when prosecuting the 2002 paternity action. Second, it is clear that District Attorney Defendants are immune from § 1983 liability when the conduct at issue is required in their role. Demery 735 F.2d; Nev. Rev. Stat. § 41.032.

### B. Statute of Limitations

The State of Nevada codified its statute of limitations in Nev. Rev. Stat. § 11.910. The statute provides, in relevant part, that "[a]n act to recover damages for injuries a person caused by the wrongful act or neglect of another, may only be commenced within two years. Nev. Rev. Stat. § 11.190(4)(e). Additionally, the Nevada Supreme Court has held that tort claims against any political subdivision of the State must be filed within two years of the time of the cause of action. Sparks v. Alpha Tau Omega Fraternity, Inc., 255 P.3d 238, 243 n.4 (Nev. 2011).

For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). Federal law governs when civil rights claims accrue. Knox v.

1   Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, a claim accrues when the plaintiff
2   knows or has reason to know of the injury which is the basis of the action." Id.

3   The claims alleged in Plaintiff's Amended Complaint arise from a paternity action that was
4   initiated and commenced in 2002, over two decades ago. Applying Nevada's statute of limitations
5   to Plaintiff's claims, the statutory deadline would have been in 2004. Plaintiff asserts that he
6   learned paternity was determined by default in 2024. Alternatively, in count three of his Amended
7   Complaint, Plaintiff alleges Defendants violated his Thirteenth Amendment rights by forcing him
8   to work to pay child support under threat of imprisonment for 18 years. Additionally, in Plaintiff's
9   Prayer for Relief, he requests the Court order Defendants to pay Plaintiff an award in the amount
10  of child support paid dating back to the initial child support order in 2002.

11  Federal law provides that a claim accrues when the plaintiff knows or has reason to know of
12  the injury. Knox, 260 F.3d at 1013. Here, Plaintiff asks the Court to draw contradictory conclusions
13  against unnamed defendants. Plaintiff asserts that he was subjected to 18 years of forced labor to
14  pay child support, while simultaneously asserting that although he never participated in a DNA
15  test, he did not know paternity was established by default. Assuming the veracity of Plaintiff's
16  assertions, over the course of 18 years, Plaintiff had reason to know that absent a DNA paternity
17  test, paternity was determined by default.

18  The Court finds that the statute of limitations for Plaintiff's claims has run. Thus, Plaintiff's
19  claims are dismissed based upon both prosecutorial immunity and the statute of limitations.

20  **V.   CONCLUSION**

21  For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss, (ECF
22  No. 7), is **GRANTED**.

24  **DATED:**  March 27, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**